IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARTER DANIEL ALLEN, et al.,

    Plaintiffs,

vs.                                                      CASE NO. CV-11-J-3537-S

CON-WAY TRUCKLOAD, INC.,
et al.,

    Defendants.

## MEMORANDUM OPINION

Pending before the court is the defendants' motion for partial summary judgment, brief and evidence in support of said motion (doc. 27), to which the plaintiffs filed a response in opposition and evidence (doc. 35), and the defendants thereafter filed a reply (doc. 37).

Defendants seek summary judgment on the plaintiffs' claims for wantonness and negligent or wanton entrustment, hiring, supervision, or training. This case arises from a tragic accident, of which the facts relevant to this motion are not in dispute.

## FACTUAL BACKGROUND

Defendant Christopher Grissinger was operating a tractor trailer for defendant Conway Truckload, Inc., when his vehicle struck the rear of decedent Margaret Franks' vehicle. Ms. Franks died as a result of the collision. The parties do not

dispute that defendant Grissinger was acting in the line and scope of his employment with defendant Conway at the time of the accident.

Defendant Grissinger had a valid Commercial Drivers' License ("CDL"), had no prior moving violations, was not speeding, was not on his telephone, and there is no evidence that he was under the influence of drugs or alcohol at the time of the accident. See e.g. depo. of Grissinger, at 23-24; Trooper Mark Wisner, at 22; depo. of Heather Ramos, at 30-32; depo. of Trooper Jason White, at 13-15, defendants ex. 2 to White depo., defendants exs. K and L.

Evidence reflects that defendant Grissinger was traveling at approximately 60 mph, while the decedent's vehicle, a Toyota Camry, was moving at approximately 15 to 30 mph.[1]  Defendants ex. A, ¶¶ 1,11-12; Sutton depo. at 41; 60.  The accident occurred slightly after 7:30 p.m. on September 13, 2011. Defendants ex. A, ¶¶ 1, 14. At that time, the sun had set.  Defendants ex. B, at 1-2, 6.

Ms. Franks was traveling from a Dollar General store to her granddaughter's home on Highway 157, a distance of 3/4 of a mile.  Defendants ex. C, at 4; Sutton depo. at 127; plaintiff ex. B.  She was approximately 100 feet from turning into the driveway at the time of the collision. Defendants ex. C, at 5.  Grissinger remembers

---

[1] Defendant Conway's trucks have governors which prevent the trucks from exceeding 65 mph.  Tobin depo. at 123.

seeing an open road, with no cars. Grissinger depo. at 54, 65. He never saw headlights or taillights from Ms. Franks' vehicle, although his high beams were on. Grissinger depo. at 82, 111, 132-133. Because he never saw her car, he did not apply his brakes at any time prior to the accident.[2] Grissinger depo. at 111; depo. of Trooper Marcus McCollum, at 116. No citations were issued to Grissinger as a result of this accident. McCollum depo. at 8, 19-20. McCollum believed Grissinger had been distracted by something. McCollum depo. at 121-122.

Grissinger was within the legal requirements related to hours of work permitted. Depo. of Trooper Mark Wisner, at 18; Sutton depo. at 102. Although plaintiff harps on Grissinger driving for over seven hours after only an eighteen minute stop, Matt Tobin, a trainer for defendant, agreed that such a stretch of driving was common. Tobin depo. at 120.

The plaintiffs allege that defendant Grissinger, for a variety of reasons, should have been able to avoid hitting the decedent's vehicle. *See* plaintiffs' response (at 7-12). Plaintiffs also assert that Grissinger had a prior accident, shortly before this one, where he hit a light pole while making a right-hand turn. *See e.g.*, Wallace[3] depo. at

---

[2] Immediately after the collision, Grissinger told Trooper McCollum that he suddenly saw brake lights in front of him. McCollum depo. at 39. Grissinger initially stated he thought the deceased had backed out of a driveway onto the road. McCollum depo. at 41.

[3] Stephen M. Wallace is employed as a safety manager for defendant Conway. Wallace depo. at 90.

116. Additionally, the plaintiffs assert defendant Conway should not let defendant Grissinger operate a truck because he had only had his CDL for five months and, in spite of a 7,500 mile training course required by defendant Conway, his driving instructor, Matt Tobin, believed Grissinger to be the worst student driver ever to complete the court.  Plaintiffs' response, at 8-9.  Based on these facts, the plaintiffs assert defendant Conway was guilty of negligent hiring and entrustment, and defendant Grissinger was wanton and/or reckless.

According to Wallace, nothing about Grissinger's scores from driving school or defendants' finishing school concerned him, and his instructor, Matt Tobin, did not raise any issues that would cause Conway to be concerned about the safety of Grissinger or other drivers on the road with him.  Wallace depo. at 111-113; defendants ex. Q.  However, Tobin testified he would not have hired Grissinger because of Grissinger's attitude toward driving, although Grissinger met all of Conway's requirements.  Tobin depo. at 63-65; 152.  According to Tobin, very few drivers meet his standards.  Tobin depo. at 104.  He rated Grissinger as satisfactory on not following too closely and allowing sufficient stopping distance, but thought Grissinger spent too much time looking straight in front of him rather than checking mirrors and gauges.  Tobin depo. at 186-193.

Michael Sutton, a professional engineer hired as a plaintiffs' expert, believed there is no reason that Grissinger should not have seen the decedent's vehicle, regardless of whether her tail lights were operational or not. Sutton depo. at 75, 77. He believes the accident was the result of inattention by Grissinger. Sutton depo. at 85, 89-90, 181, 183. According to Sutton, Grissinger had 18 seconds, during which he covered 1750 feet, from the time he should have seen the decedent's car until the time of impact. Sutton depo. at 118.

Because he was in a rear end collision, Grissinger was automatically terminated by Conway. *See e.g.,* Tobin depo. at 40-41; Depo. of Dan Fowler, at 80.

## STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986); *Reeves v. C.H. Robinson Worldwide, Inc.*, 525 F .3d 1139, 1143 (11th Cir.2008). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v.*

*City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993).  However, all "doubts" need not be so resolved.  *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir.1987).  Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

    A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).  In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986).  Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

    "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor."

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

## LEGAL ANALYSIS

**Wantonness**

The defendants argue that there is no evidence of wantonness on the part of either defendant. The Alabama Code defines "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." § 6-11-20(b)(3), Ala.Code 1975. Wantonness requires the "conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Clark v. Kindley,* 10 So.3d 1005, 1008 (Ala.Civ.App.2007) (quoting *Alfa Mut. Ins. Co. v. Roush,* 723 So.2d 1250, 1256 (Ala.1998). See also *Serio v. Merrell, Inc.*, 941 So.2d 960, 966-967 (Ala.2006). In essence, plaintiffs argue that the fact that defendant Grissinger rear-ended the decedent's vehicle establishes wantonness because decedent's vehicle "should have been visible" for approximately 1750 feet, had Grissinger maintained a "proper lookout." Plaintiffs memorandum, at 12-19.

7

However, the failure to maintain a proper lookout is negligence – wantonness requires more. See e.g., *Birmingham Electric Co. v. Turner,* 241 Ala. 66, 70, 1 So.2d 299, 302 (Ala.1941) ("failure to keep a proper lookout is negligence, but wantonness cannot be established unless it is shown that the motorman knew that the place was one where people passed in such numbers and that it was likely or probable that persons or vehicles would be passing upon or over the track."). As the Alabama Supreme Court has repeatedly stated:

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....
>
> Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as ... a conscious ... act. "Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted." *McNeil v. Munson S.S. Lines*, 184 Ala. 420, [423], 63 So. 992 (1913)....

*Ex parte Essary*, 992 So.2d 5, 9–10 (Ala.2007) (quoting *Tolbert v. Tolbert*, 903 So.2d 103, 114–15 (Ala.2004), quoting in turn other cases) (emphasis omitted).

*Norfolk Southern Ry. Co. v. Johnson,* 75 So.3d 624, 646 (Ala.2011). Nothing in the facts or even the allegations before this court rise to the level of wantonness. The court has no evidence before it from which a reasonable trier of fact could conclude that defendant Grissinger acted with wanton intent. The court shall grant defendants' motion on the issue of wantonness.

**Negligent/Wanton Entrustment**

The defendants assert that there is no evidence to establish that defendant Conway negligently or wantonly entrusted a vehicle to defendant Grissinger. To prevail on a claim of negligent entrustment, the plaintiff must establish (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages. *Askew v. R & L Transfer, Inc.*, 676 F.Supp.2d 1298, 1303 (M.D.Ala.2009). See also *Edwards v. Valentine,* 926 So.2d 315, 320 (Ala.2005), citing *Halford v. Alamo Rent-A-Car, LLC,* 921 So.2d 409, 412 (Ala.2005) (quoting *Mason v. New,* 475 So.2d 854, 856 (Ala.1985) (emphasis omitted)). In Alabama, "the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Halford*, 921 So.2d at 413-14.

The plaintiffs assert that given the minimal time that defendant Grissinger had been driving and that he had hit a light pole, defendant Conway should have known that defendant Grissinger was not competent. Considering the evidence before the

court in the light most favorable to the plaintiffs, the court will allow the negligent entrustment claim to proceed to the jury.

To prove wanton entrustment, the plaintiffs must show that defendant Conway either knew or should have known that defendant Grissinger was incompetent to drive. *Bruck v. Jim Walter Corp.*, 470 So.2d 1141, 1144 (Ala.1985). The evidence establishes that defendant Grissinger had a valid CDL, had completed additional training upon being hired by defendant Conway, and had completed Conway's "finishing program" in which he completed an additional 7,500 miles of driving and observation. The plaintiffs assert Grissinger's lack of experience driving establishes "incompetence," although they cite no case which has found a lack of experience is equivalent to incompetence when claiming wanton entrustment. *See* plaintiffs' memorandum at 20. Based on the evidence submitted, the court is of the opinion that the plaintiffs can not establish that defendant Conway knowingly allowed Grissinger to operate a motor vehicle with knowledge of his incompetence such that a reasonable jury could find defendant Conway liable for wanton conduct. As such, the court will grant the defendants' summary judgment motion on this claim.

**Negligent/Wanton Hiring. Supervision or Training**

Negligent/wanton hiring, supervision and training claims, like negligent entrustment claims, depend in part on Grissinger's competency or lack of

competency as a driver. *Hetzel v. Fleetwood Trucking Co., Inc.*, 90 So.3d 180, 182-183 (Ala.Civ.App.2012)(citing *Jones Exp., Inc. v. Jackson*, 86 So.3d 298, 305 (Ala.2010). To support a claim of negligent supervision and training, the plaintiffs must prove that (1) defendant Grissinger committed a tort recognized under Alabama law, (2) Grissinger was incompetent to drive his tractor-trailer, (3) defendant Conway had actual notice of Grissinger's incompetence or would have known had it exercised due diligence, and (4) Conway failed to respond to this notice adequately. *Askew*, 676 F.Supp.2d at 1303 -1304 (citations omitted).

The defendants assert that they are entitled to judgment in their favor on these claims of plaintiffs because the plaintiffs must again demonstrate that defendant Grissinger was incompetent to drive a truck to prevail on these claims. Because of the lack of evidence of Grissinger's incompetence, the plaintiffs cannot establish that defendant Grissinger was hired in spite of his incompetence, or that defendant Conway failed to adequately train or supervise defendant Grissinger. Because no evidence establishes that Conway knowingly hired an incompetent driver, this claim of plaintiffs must fail as a matter of law.

In summary, the plaintiff has failed to provide the court any evidence that either defendant acted wantonly and further failed to establish that defendant Conway negligently or hired, trained, or supervised Grissinger.

## CONCLUSION

The defendants' motion for partial summary judgment on the above discussed claims is hereby **GRANTED IN PART** and **DENIED IN PART**. Said motion is **GRANTED** as to plaintiffs' claims for wantonness, wanton entrustment and negligent or wanton hiring, training, or supervision, the court finding no genuine issue of material fact remains as to these claims. Said motion is **DENIED** as to plaintiffs' claim for negligent entrustment.

**DONE** and **ORDERED** this the 23rd day of August, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE